IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLON,<br><br>   Plaintiff,<br><br>   v.<br><br>TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; JOHN DOES 1-100<br><br>   Defendants. | Civil No.: |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

**COMES NOW** defendant, Encanto Restaurants, Inc. d/b/a Pizza Hut ("Pizza Hut"), and hereby gives notice of the removal of the action filed by Plaintiff in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Carolina (Civil No. CA2022CV01411), to the United States District Court for the District of Puerto Rico. As grounds for the removal, Pizza Hut states the following:

### I.   PROCEDURAL BACKGROUND

1. On May 4, 2022, Faustino Xavier Betancourt ("Plaintiff") filed a Complaint in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Carolina, with the following caption and number: <u>Faustino Xavier Betancourt v. Tidel Realty Corp.; Plaza Loíza Corporation; Encanto Restaurants, Inc.; John Does 1-100</u>, Civil No. CA2022CV01411. **(See Exhibit No. 1)**.[1]

---

[1] In compliance with 28 U.S.C. § 1446(a), Pizza Hut hereby attaches a complete copy of the case file docket for the Complaint filed by Plaintiff in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of

2. On May 23, 2022, Plaintiff served Pizza Hut with summons. (**See Exhibit No. 2**).[2]

3. As averred by Plaintiff in the State Court Action, the Complaint is based solely on Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* (**See Exhibit No. 1, ¶¶ 26-49**). Hence, from Plaintiff's own allegations, it is evident that this Court has original jurisdiction over the allegations and subject matter of the instant case, as they arise from the laws of the United States. See 28 U.S.C. § 1331.

4. As more fully explained below, Pizza Hut is entitled to remove the State Court Action to this Honorable Court pursuant to 28 U.S.C. § 1441(a).

## II.    LEGAL STANDARD

5. Section 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).[3] "Federal courts have original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.'" San Antonio-Trinidad v. Marriott P.R. Mgmt. Corp., No. CIV. 10-1628 FAB, 2011 WL 3300209, at *2 (D.P.R. Aug. 1, 2011) (quoting 28 U.S.C. § 1331).

6. Therefore, "[t]he removal statute allows a defendant to remove a case to federal court only when the action could have originally been filed in federal court." Id. "A case arises under federal law for purposes of removal when the plaintiff's right to relief necessarily depends

---

Carolina. Due to the number of pages included in the docket, Pizza Hut requests a thirty (30) day extension of time to file the certified translations of the same.

[2] Pizza Hut requests a thirty (30) day extension of time to file the certified translation of the executed summons attached as Exhibit No. 2.

[3] Section 1332(d) considers that "[t]he word "States," as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C. § 1332(d).

on resolution of a substantial question of federal law." Rosselló v. Calderón, 398 F.3d 1, 12 (1st Cir.2007) (internal citations omitted).

7. According to section 28 U.S.C. § 1446:

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

8. The notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

9. As stated above, Plaintiffs served Pizza Hut with copy of the Complaint on May 23, 2022. (**See Exhibit No. 2**). Thus, the instant Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

### III.    BASIS FOR REMOVAL

10. In sum, the Complaint alleges discrimination based on disability in the activities of places of public accommodations pursuant to Title III of the ADA.

11. Consequently, from the face of the Complaint, it is evident that this Court has original jurisdiction over the allegations and subject matter of the instant case, as they arise from the laws of the United States. See 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).

12. Therefore, it is evident that this Federal Court has original jurisdiction over the state civil action based on federal question. See 28 U.S.C. § 1331; see also Access Now, Inc. v. Blue Apron, LLC, No. 17-CV-116-JL, 2017 WL 5186354, at *1 (D.N.H. Nov. 8, 2017); Franchi v. New Hampton Sch., 656 F. Supp. 2d 252, 254 (D.N.H. 2009). Thus, Pizza Hut is entitled to remove this civil action under 28 U.S.C. § 1441.

13. Pursuant to 28 U.S.C. § 1446, Pizza Hut hereby certifies that there are adequate jurisdictional grounds for the removal of the present action. Also, in compliance with 28 U.S.C. § 1446(a), it has attached herein: (1) a complete copy of the case file docket for the Complaint filed by Plaintiff in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Carolina in the Spanish language as **Exhibit No. 1**; and (2) a copy of the executed summons in its original Spanish language as **Exhibit No. 2**. On this same date, Pizza Hut has requested a thirty (30)-day extension to file certified translations of the pleadings previously described.

14. In compliance with 28 U.S.C. § 1446(d), Pizza Hut will promptly file an Informative Motion, along with the instant notice of removal, with the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Carolina, and will notify this Honorable Court of its compliance with this requirement.

**WHEREFORE**, Pizza Hut gives notice of the removal of this action, pursuant to section 1441, of Title 28, United States Code, and requests that said cause of action proceed before this Honorable Court as an action properly removed.

**WE HEREBY CERTIFY** that on this date, a true and exact copy of this notice of removal with its exhibits was sent by electronic mail to Plaintiff's legal counsel, José Carlos Vélez Colón, Esq. (jvelez@velezlawgroup.com) and to counsel for Plaza Loíza Corporation, Carlos Bobonis González Esq. (cbg@bobonislaw.com); and by U.S. mail to Tidel Realty Corp., through its Resident Agent, Ms. Carmen G. Torres, P.O. Box 270309, San Juan, P.R. 00927-0309. Within the next forty-eight (48) hours, Pizza Hut will notify a copy of the Notice of Removal with the Court of Puerto Rico, Superior Court of Carolina, using the Unified System of Case Management and Administration ("Sistema Unificado de Manejo y Administración de Casos" and/or "SUMAC").

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 21st day of June 2022.

        **O'NEILL & BORGES LLC**
        *Attorneys for Encanto Restaurants, Inc.*
        250 Muñoz Rivera Ave., Suite 800
        San Juan, PR  00918-1813
        Tel. (787) 764-8181 / Fax (787) 753-8944

By: *s/Alberto J. Bayouth-Montes*
   Alberto J. Bayouth-Montes
   USDC-PR No. 228313
   alberto.bayouth@oneillborges.com

   *s/Carlos A. Vázquez Alberty*
   Carlos A. Vázquez-Alberty
   USDC-PR 306903
   carlos.vazquez@oneillborges.com