EXHIBIT 1

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLON**<br><br>**Parte Demandante**<br><br>v.<br><br>**TIDEL REALTY CORP.;<br>PLAZA LOIZA CORPORATION;<br>ENCANTO RESTAURANTS, INC.;<br>FULANOS DE TAL 1-100**<br><br>**Parte Demandada** | **CIVIL NÚM:**<br><br><br><br><br><br>**SOBRE:**<br>**PETICIÓN DE ORDEN** |

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante, Faustino Xavier Betancourt Colon (en adelante, "Parte Demandante" o "Faustino Betancourt"), a través de la representación legal que suscribe, y solicita un interdicto permanente al amparo de 42 U.S.C. § 12188 debido al incumplimiento del dueño de la Propiedad **TIDEL REALTY CORP; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC., FULANOS DE TAL 1-100** (en delante de manera individual por su nombre o de manera conjunta "Parte Demandada" con las disposiciones del Título III de la ley federal conocida como American with Disabilities Act, 42 U.S.C. § 12181 et seq. (en adelante nos referimos al estatuto federal como "Ley ADA")[1].

---

[1] El Título III de la Ley ADA obliga a todas las entidades privadas y facilidades comerciales que brindan servicios al público. La obligación impuesta por el Título III consiste en no discriminar en el ofrecimiento de dichos servicios hacia las personas con impedimentos en el disfrute igual y pleno de los bienes, servicios y facilidades, privilegios, ventajas o acomodos en cualquier lugar de acomodo público. El enlace oficial del gobierno de los Estados Unidos con información sobre Título III de Ley ADA es: http://www.ada.gov/

## EL LUGAR DE ACOMÓDO PÚBLICO EN CUESTIÓN

1.    Esta es una acción que busca remediar la discriminación ilegal en un lugar de

**acomodo público**[2] establecido y conocido en el lugar que se menciona a

continuación:

**2.  CENTRO COMERCIAL CIUDAD UNIVERSITARIA**
DIRECCIÓN FÍSICA: Centro Comercial Ciudad Universitaria Carr 846, 00976,
Puerto Rico
COORDENADAS: 18.370929, -66.025396
TELÉFONO: (787) 903-5430

**3.  PLAZA LOIZA**
DIRECCIÓN FÍSICA: Centro Comercial Ciudad Universitaria Carr 846, 00976,
Puerto Rico
COORDENADAS: 18.371130189262434, -66.02571900017972
TELÉFONO: (787) 903-5430

**4.  PIZZA HUT**
DIRECCIÓN FÍSICA: Centro Comercial Ciudad Universitaria Local 8 Carr 846,
00976, Puerto Rico
COORDENADAS: 18.371075932904656, -66.02578890451025
TELÉFONO: (787) 761 7474

(en adelante, nos referiremos de manera colectiva a este centro comercial y los

establecimientos comerciales arriba mencionados como "la Propiedad" o el "lugar

de acomodo público" o nos referimos a cada uno de estos lugares manera individual

por su nombre. La siguiente imagen demuestra la propiedad en cuestión:

---

[2] El término  "public accommodation" o lugar de acomodo público, 42 U.S.C. 12181(7), se define como entidades privadas cuyas operaciones afectan el comercio y específicamente se mencionan los siguientes lugares a modo de ejemplificar lo que es un lugar de acomodo público: hoteles, moteles, hospederías, restaurantes, barras, otros establecimientos que sirvan comida o bebidas, cines, teatros, salas de conciertos y presentaciones, estadios, lugares para exhibiciones o entretenimiento, auditorios, centros de convenciones, salas de presentaciones, lugares de congregación, panaderías, tienda de comestibles, tiendas de ropa, tiendas de herramientas, centros comerciales, otros establecimientos de ventas o renta, lugares de lavado ("laundromat"), secado (dry-cleaning), bancos, barberías, salones de belleza, agencias de viaje, servicios de reparación de zapatos, funerarias, estaciones de gasolina, oficina de un contable o abogado, farmacias, oficinas de seguros, oficina de profesionales de la salud, hospitales, otros establecimiento de servicios, un terminal o estación utilizado para transportación pública, museos, librerías, galerías, otros lugares donde haya exhibiciones públicas o colecciones, parques, zoológicos, parques de diversión y otros lugares de recreación, centro de cuido de infantes ("nursery"), escuelas elementales, secundarias, universidades, o escuelas post-graduadas privadas o cualquier otro lugar se provea educación, centro de cuido de niños, centro de cuido de "seniors", refugios de personas sin hogar, lugares donde se da comida, agencias de adopción, o cualquier otro establecimiento donde se dan servicios sociales, gimnasios, spas de salud, boleras, lugares de golf y otros lugares de ejercicio y recreación.



## NECESIDAD DE LA ACCIÓN

5. Esta demanda es necesaria por lo siguiente:

a) Tidel Realty Corp h/n/c Centro Comercial Ciudad Universitaria es dueño y operador del acomodo público donde están ubicados varios comercios, dentro de los que están Plaza Loiza y Pizza Hut, ofreciendo bienes y servicios al público, todo dentro de la misma propiedad. En consecuencia, es responsable y tiene la facultad de administración y adecuación de Las áreas comunes (internas y externas) de la propiedad, incluyendo la zona de estacionamientos y ruta de acceso.

b) En cuanto al codemandado Plaza Loiza Corporation h/n/c Plaza Loiza, esta persona opera un supermercado llamado Plaza Loiza ubicado en el interior del Centro Comercial Ciudad Universitaria. Por lo cual tiene la responsabilidad de administración y adecuación de la ruta de acceso y el área donde opera el supermercado.

c) Encanto Restaurants, Inc. h/n/c Pizza Hut, es un restaurante especializado en pizza y esta ubicado en el interior del Centro Comercial Ciudad Universitaria. Por lo cual tiene la responsabilidad de administración y adecuación de la ruta de acceso y el área donde opera el restaurante.

d) El señor Faustino Betancourt es consumidor de los bienes y servicios ofrecidos por Centro Comercial Ciudad Universitaria. Por lo cual es un

visitante regular de la Propiedad que busca acceder a los bienes y servicios que se ofrecen en la propiedad, incluyendo los de Plaza Loiza y Pizza Hut.

e) La Parte demandada no procuró la eliminación de barreras arquitectónicas en la zona del estacionamiento, counters o mostradores y baños.

f) La Parte Demandada mantiene en el lugar de acomodo público conocido comercialmente como Centro Comercial Ciudad Universitaria, barreras arquitectónicas en violación de la ADA y a las Guías de Diseño Accesible promulgadas por el Departamento de Justicia de los Estados Unidos, las cuales puede ser accedidas a través del siguiente enlace oficial: https://www.ada.gov/2010ADAstandards_index.htm.

g) El señor Faustino Betancourt visitó el Centro Comercial Ciudad Universitaria y allí encontró personalmente barreras arquitectónicas en la zona del estacionamiento y al interior de cada uno de los establecimientos, incluyendo 'counters' y baños., dichas barreras se relacionan con su discapacidad, como se explicará más adelante.

h) El señor Faustino Betancourt se: (i) encuentra en inminente riesgo de encontrar las barreras arquitectónicas o (ii) sería fútil regresar al lugar de acomodo público en este momento ya que constituiría un riesgo a la seguridad personal del señor Faustino Betancourt o equivaldría a someterse a una condición o situación desagradable, humillante y discriminatoria;

i) El señor Faustino Betancourt tiene la intención presente de poder disfrutar los bienes, privilegios y servicios que están disponibles en el lugar de acomodo público una vez las barreras arquitectónicas sean removidas en su totalidad. Sin embargo, el señor Faustino Betancourt se reserva el derecho de regresar al lugar de acomodo público en cualquier momento antes de que se remuevan las barreras arquitectónicas, aunque ello

represente someterse a condiciones peligrosas o discriminatorias, con el fin de buscar, identificar y denunciar el discrimen.

## LA PARTE DEMANDANTE

6.    El señor Faustino Betancourt es una persona que sufre de una discapacidad física que limita sustancialmente varias de sus actividades cotidianas principales. La discapacidad física es**:** insuficiencia cardiaca (congestive heart failure, 20% heart function), hidrocefalia, anormalidades del pie, obesidad. Estas condiciones o "impairments" limitan sustancialmente al señor Faustino Betancourt, dicha discapacidad física limita sustancialmente (en comparación con la mayoría de la población) las siguientes actividades principales cotidianas o del diario vivir: caminar, estar de pie, levantar objetos, inclinarse, trabajar y otras que enciclopedias, diccionarios y tratados médicos autoritativos han relacionado con la discapacidad antes mencionada.  De igual manera, el señor Faustino Betancourt tiene un extenso historial médico sobre estas condiciones.

7.    El señor Faustino Betancourt tiene un "disability", según definido por la Ley ADA. 42 U.S.C. § 12102(1)(A).

8.    También es importante mencionar que, el Departamento de Transportación y Obras Públicas del Gobierno de Puerto Rico (DTOP) ha expedido para beneficio del señor Faustino Betancourt un rótulo removible de personas con impedimento físico, de modo que el señor Faustino Betancourt pueda utilizar el rótulo para estacionarse en estacionamientos identificados como accesibles o "de impedido".

## LA PARTE DEMANDADA

9.    La Parte Demandada está integrada por las siguientes personas naturales o jurídicas:

i.    **TIDEL REALTY CORP** H/N/C Centro Comercial Ciudad Universitaria es dueño y operador del acomodo público donde están ubicados varios comercios, dentro de los que están los demás Co-demandados, ofreciendo

bienes y servicios al público, todo dentro de la misma propiedad. En consecuencia, es responsable y tiene la facultad de administración y adecuación de las áreas comunes (internas y externas) de la propiedad, incluyendo la zona de estacionamientos y ruta de acceso.

ii. **PLAZA LOIZA CORPORATION** H/N/C Supermercados Plaza Loiza, por desarrollar sus actividades comerciales dentro del Centro Comercial, además de que, al interior de sus propias instalaciones, hay barreras arquitectónicas que deben ser consideradas independientemente. En consecuencia, es responsable y tiene la facultad de administración y adecuación de la organización de los bienes y servicios que ofrece al interior de su establecimiento de comercio.

iii. **ENCANTO RESTAURANTS, INC.** H/N/C Pizza Hut, por desarrollar sus actividades comerciales dentro del Centro Comercial, además de que, al interior de sus propias instalaciones, hay barreras arquitectónicas que deben ser consideradas independientemente. En consecuencia, es responsable y tiene la facultad de administración y adecuación de la organización de los bienes y servicios que ofrece al interior de su establecimiento de comercio.

iv. Fulanos de Tal 1-100. Estas personas naturales o jurídicas desconocidas son titulares, arrendadores, arrendatarios y operadores de la Propiedad que se identifica en el primer párrafo de esta petición. Ya que la identidad de estos se desconoce en estos momentos, se enmendará la Petición a los fines de acumularlos a este procedimiento civil. En esta Petición, el término "Parte Demandante" incluye también a todos los demandados desconocidos identificados con el nombre ficticio "Fulano de Tal 1-100".

## JURISDICCIÓN Y COMPETENCIA

10. De este procedimiento civil ser en removido al Tribunal de Distrito de los Estados Unidos, se invocada jurisdicción sobre la materia de conformidad con 28 U.S.C. §§ 1331 y 1343 (a)(3) y (a)(4) por violaciones de la ADA.

11. El Tribunal de Primera Instancia tiene jurisdicción original para dilucidar controversias que surgen al amparo del Título III de la *American with Disabilities Act* y la *Rehabilitation Act*.

12. Esta acción civil ha sido presentada ante el foro judicial que ostenta la competencia toda vez que la Propiedad en controversia está ubicada en esta región judicial.

## HECHOS

13. La Propiedad es un lugar de acomodo público según definido por la Ley ADA, 42 U.S.C. 12181(7) y es un lugar abierto al público y cuya operación afecta el comercio por su naturaleza de Centro Comercial dentro del que se encuentran distintos comercios.

14. La Propiedad no es residencial, no es un club privado ni es una iglesia.

15. El señor Faustino Betancourt es residente de San Juan. Su dirección física es: 11 CALLE TERESA JORNET APT 34 SAN JUAN PR. Su dirección postal es 00926-7561. Su número de teléfono es: (787) 348-7280.

16. El señor Faustino Betancourt acude regularmente al Centro Comercial toda vez que allí se encuentran diversos tipos de comercio. Por esta razón, suele ir, solo o acompañado de su familia, en búsqueda de las reconocidas pizzas de Pizza Hut y para mercar en los Supermercados Plaza Loiza.

17. El señor Faustino Betancourt visitó la Propiedad el 30 de abril de 2022 y encontró barreras que interfirieron con la capacidad del señor Faustino Betancourt para usar y disfrutar los bienes, servicios, privilegios y acomodos ofrecidos en la Propiedad.

18.     Además, y de manera totalmente independiente a lo anterior, el señor Faustino Betancourt invoca legitimación como persona que tiene la intención de regresar a la Propiedad con el propósito expreso de buscar e identificar barreras arquitectónicas que haya en la Propiedad en el futuro. El fin de la búsqueda e identificación de las barreras arquitectónicas será con el fin de: (1) denunciar barreras adicionales que se encuentren en el futuro; (2) verificar el cumplimiento o no cumplimiento de cualquier orden que dicte este tribunal sobre eliminación de barreras arquitectónicas. Se alega afirmativamente la existencia de legitimación activa como *tester* de derechos civiles, según alegado en este párrafo, conforme a la norma vinculante en esta jurisdicción establecida en Suarez-Torres v. Panadería y Repostería España, Inc., No. 18-1618 (1st Cir. Feb. 17, 2021), donde se estableció que no es necesario que una persona con discapacidades sea un "cliente bona fide" del lugar de acomodo público para tener standing para reclamar derechos bajo ADA. Un *tester* de derechos civiles es una persona que tiene la intención especifica de buscar, identificar y denunciar el discrimen, aunque ello represente someterse al discrimen o a condiciones poco seguras.  En Suarez-Torres v. Panadería y Repostería España, Inc., el Primer Circuito estableció inequívocamente la existencia de legitimación activa de *tester* al determinar:

> Panaderia España contends that, as testers, appellants are unable to establish an injury because their only motivation in visiting the bakery was to detect ADA violations.
>
> We have not previously addressed the impact of a plaintiff's status as a "tester" on her ability to establish standing under the ADA. However, the circuits that have considered this issue have uniformly concluded that an individual's "tester" status does not defeat standing. As the Eleventh Circuit explained in Houston v. Marod Supermarkets, Inc., the ADA guarantees the right of any individual to be free from "disability discrimination in the enjoyment of [public places of accommodation] regardless of [the individual's] motive for visiting the facility." 733 F.3d at 1332. Congress did not limit the protections of the ADA to "clients or customers" or otherwise impose a bona fide visitor requirement. Id. at 1332-34 (contrasting 42 U.S.C. §§ 3604(a), and 12182(b)(1)(A)(iv), which do contain such requirements). Hence, such limitations should not be read into the ADA. Id. We agree with this analysis. **Accordingly, we conclude that appellants' status as testers does not defeat**

standing.

Suarez-Torres v. Panadería y Repostería España, Inc., No. 18-1618 (1st Cir. Feb. 17, 2021) (citas internas omitidas)(énfasis nuestro).

19. En su capacidad de cliente bona fide, el señor Faustino Betancourt se ha sentido, y se siente hoy en día, disuadida o desalentada de visitar la Propiedad porque tiene conocimiento de las barreras ilegales que limitan e interfieren con su acceso a la Propiedad en la zona del estacionamiento y al interior de cada uno de los establecimientos, incluyendo las zonas de 'counters' y baños. El señor Faustino Betancourt conoce los bienes y servicios ofrecidos en la Propiedad, y regresará a la Propiedad una vez que se eliminan las barreras. El señor Faustino Betancourt sabe que sería inútil enfrentar estas barreras porque enfrentarlas equivale a someterse a una situación humillante, discriminatoria y peligrosa. Todas las barreras aquí descritas están directamente relacionadas con la discapacidad del señor Faustino Betancourt e interfieren su completo derecho de acceso. No obstante, a pesar de sentirse disuadido, tiene la intención de regresar para buscar, identificar y denunciar el discrimen que existe en esa Propiedad.

20. A base de sus observaciones personales, y a base de su experiencia como persona con limitaciones que ha visto cientos de lugares accesibles y no accesibles a través de su vida, el señor Faustino Betancourt alega afirmativamente que existen las siguientes barreras arquitectónicas de *diseño* en la Propiedad relacionadas a su discapacidad y sus limitaciones de movilidad:

**Estacionamiento, ruta de acceso y entrada a Tidel Realty Corp H/N/C Centro Comercial Ciudad Universitaria**

a) El estacionamiento no recibe un mantenimiento adecuado en violación a 28 C.F.R. § 36.211(a). Esto es particularmente peligroso para el Demandante puesto que pone en riesgo su integridad física, ya que su condición de anormalidades en el pie dificulta su movilidad. Habiendo

desniveles y grietas en el estacionamiento, aparte de la falta de señalización, el riesgo de accidentalidad es muy alto, teniendo en cuenta que es una zona donde transitan vehículos todo el tiempo.

b)    En cuanto a estacionamientos, no hay el número requerido de estacionamientos accesibles, restando posibilidades al demandante para obtener un estacionamiento acorde con su discapacidad. ADAAG 1991 § 4.1.2; ADAAG 2010 § 208.2. Posibles soluciones: reconfigurar el estacionamiento mediante la utilización de pintura.

c)    En cuanto a la ruta de acceso, no hay una ruta de acceso desde los estacionamientos (internos o externos) o la acera hasta una entrada accesible sin escaleras a cualquiera de los comercios allí presentes. Varios de los estacionamientos no cumplen con los requisitos de la Ley ADA. ADAAG 1991 § 4.3; ADAAG 2010 § 206.2.1. Teniendo en cuenta la restricción en la movilidad del señor Faustino Betancourt, se puede ocasionar un accidente incluso dentro de las instalaciones de la propiedad, ya sea una caída, un choque con algún vehículo o persona, entre otros.

d)    En cuanto a estacionamientos, no se cumple el requisito de que al menos un estacionamiento cumpla con las especificaciones técnicas y dimensiones de la categoría "van".3 ADAAG 1991 § 4.1.2 (b); ADAAG 2010 § 208.2. Tampoco se cumple con el requisito de que una sexta parte de los estacionamientos accesibles tengan las dimensiones de categoría "van". Id. Posibles soluciones: reconfigurar el estacionamiento mediante la utilización de pintura.

e)    La configuración y dimensiones de los estacionamientos es sustancialmente inconsistente con los requisitos de reglamentación aplicable, lo que provoca, además de un desincentivo para el

Demandante de acudir a la propiedad, que no se pueda mover con libertad y comodidad habituales. ADAAG 2010 § 502.2, 502.3. Posibles soluciones: reconfigurar el estacionamiento mediante la utilización de pintura.

f)   La configuración y dimensiones de los espacios adyacentes a los estacionamientos es sustancialmente inconsistente con los requisitos de la reglamentación aplicable, toda vez que hay diversas barreras estructurales colindantes a varios de los lugares de estacionamiento. Esta inconsistencia en cuanto la construcción y/o adecuación de algunos estacionamientos, genera un riesgo claro para la integridad del Demandante en el entendido que por su condición de anormalidades en el pie requiere de espacios libres de barreras para moverse con adecuada libertad, sobre todo en la zona de estacionamiento donde puede golpearse con paredes o incluso vehículos. ADAAG 2010 § 502.2, 502.3., 503.3.3. Posibles soluciones: reconfigurar el estacionamiento mediante la utilización de pintura.

g)   La pendiente en los estacionamientos y los espacios adyacentes a los estacionamientos es inconsistente con los requisitos de la reglamentación aplicable, pues su inclinación es mayor a 1:48 en todas las direcciones. De esta manera y teniendo en cuenta la anormalidad en el pie, se puede deslizar o resbalar el señor Faustino causándole esto un eventual daño físico. También es importante recalcar la condición cardiaca por la cual no puede hacer esfuerzos físicos más allá de los que habitualmente realiza.   ADAAG 2010 § 502.4. Posibles soluciones: nivelar las superficies; reubicar estacionamientos en cumplimiento con las guías para ubicación de estacionamientos accesibles.

h)    Los espacios adyacentes a los estacionamientos no conectan con una ruta accesible. Dada la condición cardiaca del demandante, su dificultad en la movilidad y la obesidad de las que padece, el tener que caminar innecesariamente trayectos largos genera riesgos para su salud física, sobre todo en una zona de estacionamiento. ADAAG 2010 § 502.3. Posibles soluciones: reconfigurar los estacionamientos de forma tal que el pasillo accesible (access aisle) conecte con la ruta accesible.

i)    No todos los estacionamientos correspondientes están identificados con el símbolo internacional de accesibilidad, generando así injusto esfuerzo para el Demandante con miras a encontrar un estacionamiento accesible. ADAAG 2010 § 502.3. Posibles soluciones: colocar toda la rotulación reglamentaria en todos los estacionamientos accesibles. La rotulación debe ser a la altura y en la posición requerida por la reglamentación.

j)    El posicionamiento de la rotulación de los estacionamientos es sustancialmente inconsistente con la reglamentación aplicable. Implica un grave riesgo para la seguridad e integridad de cualquier persona con discapacidad, el hecho de que no haya una adecuada rotulación en la zona de estacionamientos para acceder a una propiedad, puesto que puede no ser encontrada a simple vista. ADAAG 2010 § 502.6. Posibles soluciones: colocar rotulación a la altura y en la posición requerida por la reglamentación.

k)    Ningún estacionamiento tiene la rotulación de "van" requerida por la reglamentación aplicable. ADAAG 2010 § 502.6. Posibles soluciones: colocar la rotulación en todos los estacionamientos accesibles y a la altura y en la posición requerida por la reglamentación.

l)    Los estacionamientos accesibles no están ubicados en la ruta accesible

más cercana a la entrada accesible. Si no existe la cercanía adecuada, el señor Faustino Betancourt debe recorrer distancias mayores a las que está acostumbrado, poniendo así en riesgo su salud, teniendo en cuenta su condición cardiaca y del pie, además de los posibles accidentes que pueden ocurrir en un trayecto que no es accesible y que le deja vulnerable a los vehículos que por allí transitan recurrentemente. ADAAG 2010 § 502.6. Posible solución: reconfigurar los estacionamientos.

m)   La ruta de acceso hacia la entrada accesible desde los estacionamientos no tiene 36" pulgadas de ancho. ADAAG 2010 § 403.5.1. Posibles soluciones: remover objetos que reducen el espacio; ampliar el ancho de la ruta de acceso.

n)   En la ruta de acceso hacia la entrada accesible hay rampas cuya pendiente es muy inclinada de manera sustancialmente inconsistente con la reglamentación aplicable. Dado que el señor Faustino debe movilizarse con asistencia de alguna persona o, incluso, con un 'mobility scooter' el no tener suficiente espacio dificulta su acceso a la propiedad. Esto causa: i) un esfuerzo físico extraordinario para el Demandante; ii) Riesgo de choques, caídas y todo tipo de accidentes; iii) Desincentivo para acudir a la propiedad. ADAAG 1991 §§ 4.8.1, 4.8.2; ADAAG 2010 §§ 403.3 ("cross slope" y "running slope"). Posible solución: reconfigurar para que la pendiente sea 1:20.

o)   En la ruta de acceso hay rampas de aceras ("curb ramps") cuya configuración y dimensiones son sustancialmente inconsistentes con los requisitos de la reglamentación aplicable, lo que genera un riesgo de accidente para el Demandante, se movilice en 'mobility scooter' o con asistencia de otras personas. ADAAG 1991 §§ 4.7.1, 4.7.2, 4.7.2.3,

4.7.4, 4.7.5, 4.7.6, 4.7.9, 4.7.10; ADAAG 2010 §§ 402.2, 406.1, 405.2, 406.1, 405.3, 405.5, 406.4, 406.3). Posibles soluciones: modificar la rampa para ajustarla a los requisitos de la reglamentación.

p)     En cuanto a la ruta de acceso, en la ruta desde su comienzo en los estacionamientos hasta la entrada accesible hay partes cuya inclinación es mayor a 1:20 (lo que equivale que esa inclinación se considere una rampa para fines de la ADAAG), pero la configuración física existente no cumple con los requisitos aplicables a las rampas de manera sustancialmente inconsistente con la reglamentación aplicable. ADAAG 1991 §§ 4.7.1, 4.7.2, 4.7.2.3, 4.7.4, 4.7.5, 4.7.6, 4.7.9, 4.7.10; ADAAG 2010 § 405.5 (ancho de la rampa) 405.4 (superficie de rampa no es estable), 405.2 (inclinación de la rampa), 405.7.2, 405.7.3 (aterrizaje o "landing" de la rampa), 405.7.4 (espacio 60" x 60" en el giro), 405.7.4 (pasamanos requerido en rampa cuya elevación es más de 6"), 505.4 (altura del pasamanos de la rampa), 505.6 (obstrucciones en el tope del pasamanos de la rampa); 505.7.1 (diámetro del pasamano circular no es ente 1 1/4" y 2"), 505.7.1 (pasamanos no-circular no tiene un perímetro de entre 4" y 6 1/4"), 505.10.1 (pasamanos no se extiende 12" más allá del nivel de abajo y arriba de la rampa). Posibles soluciones: alterar el pasamano, remplazar el pasamano, reconfigurar el pasamano, ajustar la altura del pasamanos, instalar pasamanos, aumentar espacio para aterrizaje o reubicar la rampa.

**Accesibilidad en establecimiento: Plaza Loiza Corporation H/N/C Supermercados Plaza Loiza**

q)     Hay mostradores o lugares de transacción los cuales se espera que la persona alcance por sus propios medios (como son máquinas de pago) pero están fuera de alcance ya que las partes operables están ubicadas

a más de 48" del suelo. Si el Demandante tuviese que bajarse de su 'mobility scooter' o de cualquier medio en el que se movilice, para alcanzar un mostrador, caja o cajero, pondría en riesgo su integridad física. Lo anterior indudablemente desestimula que el señor Faustino Betancourt acuda al establecimiento, a pesar de que requiere hacerlo. ADAAG 2010 §§ 904.5.1, 308.3.1, 308.3.1, 308.3.2, 308.2.1, 904.5.1, 904.5.1, 904.5.2.

r) Los 'counters' o mostradores del establecimiento tienen una altura mayor al máximo permitido por la Ley ADA. ADAAG 2010 § 7.3; ADAAG 2010 §§ 904.3.1 (pasillo de pago de 36"), 904.3.2 (superficie no más alta de 38"), 216.11 (hay más de un pasillo de pago pero no hay un pasillo rotulado con el símbolo de accesibilidad internacional). Posibles soluciones: Ajustar los 'counter' y la organización de los bienes de cada establecimiento de conformidad con la reglamentación aplicable.

s) La entrada no cumple con los requisitos de la reglamentación aplicable. En cuanto a las entradas que no son accesibles, estas no tienen letreros que indiquen la ubicación de la entrada accesible, lo que genera confusión al señor Faustino a la hora de determinar cuál es la ruta que debe tomar, ya sea que esté en su 'mobility scooter' o se esté movilizando con ayuda de alguna persona. ADAAG 2010 § 216.6. ADAAG 2010 § 216.6. Posibles soluciones: hacer todas las entradas accesibles y/o colocar la rotulación requerida por la reglamentación aplicable.

t) En cuanto al área del inodoro, la altura del inodoro medida desde la superficie es sustancialmente inconsistente con la reglamentación aplicable, generando que el señor Faustino Betancourt no se sienta

seguro de acudir al baño solo, así como un riesgo de caída. ADAAG 2010 § 604.4. Posibles soluciones: ajustar la altura del inodoro; reemplazar el inodoro.

u)    En cuanto a los pasamanos alrededor del inodoro, tanto al lado ("side grab bar") como detrás ("rear grab bar") del inodoro, la configuración existente en la pared al lado y detrás del inodoro es sustancialmente inconsistente con la reglamentación aplicable a los pasamanos, no proporciona la seguridad y agarre necesarios para que una persona con discapacidad, como el señor Faustino Betancourt, pueda hacer uso del inodoro de manera fiable. ADAAG 2010 §§ 604.5.1, 609.4., 609.3, 604.5.2, 609.4, 609.6. Posibles soluciones: colocar y posicionar pasamanos de manera consistente con la reglamentación citada.

v)    En cuanto al inodoro, la configuración del control para la descarga del inodoro es sustancialmente inconsistente con la reglamentación aplicable, pues no hay un control de descarga adecuado. ADAAG 2010 § 604.6 (altura del elemento que activa la descarga), 604.6 (ubicación del control de descarga). Posibles soluciones: añadir el elemento que activa la descarga (flush control), acorde con la reglamentación aplicable.

w)    Hay un urinal presente en el baño, pero este elemento interfiere el "clear floor space" de sesenta (60) pulgadas mínimo, requerido por la reglamentación aplicable. ADAAG 2010 § 604.3.1 (tamaño).

x)    En cuanto al lavamanos, el espacio alrededor del lavamanos es sustancialmente inconsistente con la reglamentación aplicable. Esto es en sí mismo un discrimen, pues niega al señor Faustino Betancourt la posibilidad de acceder al lavamanos, tal como lo hacen las demás personas. ADAAG 2010 § 606.2. Posibles soluciones: ampliar el

espacio alrededor del lavamanos; reubicar objetos que se pueden mover.

y)   En cuanto al lavamanos, la altura del lavamanos es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 §§ 606.3, 606.3.3, 306.3.3 (altura en el espacio del área de pies). Posibles soluciones: reposicionar la altura del lavamanos; cambiar el lavamanos.

z)   En cuanto al lavamanos, el grifo no tiene una configuración que permite su operación sin tener que apretar fuerte, torcer o girar la muñera. ADAAG 2010 § 606.4. Posibles soluciones: sustituir el grifo.

aa)   No hay un dispensador de jabón con el posicionamiento y altura que requiere la reglamentación aplicable. ADAAG 2010 §§ 308.2.2, 308.2. Posibles soluciones: reubicar el dispensador de jabón.

### Accesibilidad en establecimiento: Pizza Hut

bb)   Hay un mostrador de pago, pero la configuración y dimensiones son sustancialmente inconsistentes con la reglamentación aplicable. ADAAG 1991 § 7.2 ADAAG 2010 §§ 904.3.1 (requiriendo que haya una porción del mostrador que sea 36" de alto por 36" de ancho), 904.4 (requiriendo que la parte accesible del counter sea de la misma profundidad que la parte no accesible), 904.4, 904.1 (requiriendo un espacio mínimo para acercamiento paralelo u horizontal al mostrador), 306.2.2, 306.2.4, 306.3.1 (requiriendo un espacio debajo del mostrador cuando el diseño del mostrador es para acercamiento frontal). Posibles soluciones: bajar una sección del mostrador, ampliar una sección del mostrador, remplazar el mostrador, ampliar la profundidad del mostrador, reconfigurar espacios para permitir acercamiento paralelo o frontal, reconfigurar mostrador para dar el espacio requerido debajo

del mostrador en casos de diseño para acercamiento frontal.

cc)  Los 'counters' o mostradores del establecimiento tienen una altura mayor al máximo permitido por la Ley ADA. Se resalta de nuevo, que la altura de los 'counter' genera riesgos de caída y accidentes de todo tipo, si el Demandante, a pesar de su discapacidad, decidiera tratar de alcanzarlos. ADAAG 2010 § 7.3; ADAAG 2010 §§ 904.3.1 (pasillo de pago de 36"), 904.3.2 (superficie no más alta de 38"), 216.11 (hay más de un pasillo de pago pero no hay un pasillo rotulado con el símbolo de accesibilidad internacional). Posibles soluciones: Ajustar los 'counter' y la organización de los bienes de cada establecimiento de conformidad con la reglamentación aplicable.

dd)  En cuanto a la ruta de acceso, no hay una ruta de acceso desde los estacionamientos o la acera hasta una entrada accesible. ADAAG 1991 § 4.3; ADAAG 2010 § 206.2.1.

ee)  La ruta de acceso hacia la entrada accesible desde los estacionamientos no tiene 36" pulgadas de ancho. ADAAG 2010 § 403.5.1. Posibles soluciones: remover objetos que reducen el espacio; ampliar el ancho de la ruta de acceso.

ff)  La entrada no cumple con los requisitos de la reglamentación aplicable. En cuanto a las entradas que no son accesibles, estas no tienen letreros que indiquen la ubicación de la entrada accesible. ADAAG 2010 § 216.6 Hay entradas accesibles y no accesibles, pero las entradas accesibles no tienen el símbolo internacional de impedido identificándolas. ADAAG 2010 § 216.6. Posibles soluciones: hacer todas las entradas accesibles y/o colocar la rotulación requerida por la reglamentación aplicable.

gg)  Los espacios adyacentes a los estacionamientos no conectan con una

ruta accesible. Dada la condición cardiaca del demandante, su dificultad en la movilidad y la obesidad de las que padece, el tener que caminar innecesariamente trayectos largos genera riesgos para su salud física, sobre todo en una zona de estacionamiento. ADAAG 2010 § 502.3. Posibles soluciones: reconfigurar los estacionamientos de forma tal que el pasillo accesible (access aisle) conecte con la ruta accesible.

hh)   Los estacionamientos accesibles no están ubicados en la ruta accesible más cercana a la entrada accesible. Si no existe la cercanía adecuada, el señor Faustino Betancourt debe recorrer distancias mayores a las que está acostumbrado, poniendo así en riesgo su salud, teniendo en cuenta su condición cardiaca y del pie, además de los posibles accidentes que pueden ocurrir en un trayecto que no es accesible y que le deja vulnerable a los vehículos que por allí transitan recurrentemente. ADAAG 2010 § 502.6. Posible solución: reconfigurar los estacionamientos.

21.   Las barreras identificadas en el párrafo anterior son solo aquellas que la Parte Demandante conoce personalmente a base de su experiencia y sentido común como persona con discapacidades, no a base de pruebas científicas o periciales. La totalidad de las barreras existentes en la Propiedad, incluyendo las encontradas y otras no descubiertas al momento, son la causa del daño legal a la Parte Demandante, es decir, la falta de acceso completo, libre y espontaneo a la Propiedad. Por esto, es la intención de la Parte Demandante utilizar los mecanismos de descubrimiento de prueba para buscar, identificar y señalar todas aquellas barreras arquitectónicas relacionadas con la discapacidad del señor Faustino Betancourt para que el acceso a la Propiedad sea completo e igualitario. Luego de identificadas las barreras, el señor Faustino Betancourt se propone solicitar al tribunal enmendar las alegaciones para conformar las mismas a la prueba descubierta sobre violaciones a la ADAAG ahora

desconocidas.

22.    Los Demandados sabían, o debían saber, que la Propiedad era y es inaccesible; que las condiciones la Propiedad violan la ley federal e interfieren (o niegan) el acceso a los discapacitados. Además, los Demandados tienen los recursos financieros para eliminar estas barreras de la Propiedad (sin mucha dificultad o gasto), y hacer que la Propiedad sea accesible para la Parte Demandante. Hasta la fecha, sin embargo, la Parte Demandada se niega a eliminar esas barreras.

23.    La Parte Demandada ha poseído y disfrutado de suficiente control y autoridad para modificar la Propiedad para eliminar barreras y cumplir con la reglamentación federal aplicable. La Parte Demandada no ha eliminado tales barreras y no ha modificado la Propiedad para cumplir con los estándares de accesibilidad aplicables. La Parte Demandada, de manera intencional, ha mantenido la Propiedad en su estado actual y se ha abstenido intencionalmente de alterar la Propiedad para que cumpla con los estándares de accesibilidad.

24.    El señor Faustino Betancourt alega afirmativamente que la presencia continua de barreras en la Propiedad es tan obvia y abierta que establece la intención discriminatoria de la Parte Demandada. La naturaleza de las desviaciones a los estándares federales no sugiere incumplimiento con la reglamentación debido a mera negligencia o un error humano. El incumplimiento existente es tan sustancial que es obvio para un observador casual de inteligencia promedio que no tiene pericia en los estándares de diseño accesible o que no tiene experiencia con barreras arquitectónicas por no tener una discapacidad.  Es a base de esto que la Parte Demandante cree, y por tanto alega afirmativamente, que la intención discriminatoria incluye la negativa consciente y ponderada de no adherirse a normas de construcción relevantes; el menosprecio hacia los planos de construcción y permisos emitidos para la Propiedad; la decisión concienzuda de mantener el diseño arquitectónico (tal como existe actualmente) en la Propiedad; la decisión de no

eliminar las barreras arquitectónicas mantenerla en estado de incumplimiento motivado por fines de lucro. Se alega afirmativamente que la Parte Demandada ha querido mantener una competencia desleal con sus competidores al no invertir dinero en cumplir con el mandato federal a pesar de que sus competidores si tienen que invertir en cumplimiento, lo que afecta a otros actores económicos. Las barreras arquitectónicas en la Propiedad no son interrupciones aisladas (o temporales) de acceso por mantenimiento o reparaciones.

25.    Basado en el incumplimiento histórico de la Parte Demandada con la ADAAG, el señor Faustino Betancourt cree, y por lo tanto alega, que la Parte Demandada no tiene políticas, procedimientos o documentos internos en relación a esfuerzos de cumplimiento de ADA en la Propiedad.

**CAUSA DE ACCIÓN**
**American with Disabilities Act de 1990**

26.    El señor Faustino Betancourt incorpora las alegaciones contenidas en los párrafos anteriores.

27.    El Título III de la ley ADA dispone esencialmente que ningún individuo será tratado de manera desigual por razón de discapacidad en el pleno y equitativo disfrute (o uso) de bienes, servicios, instalaciones, privilegios y acomodos ofrecidos por cualquier persona ya sea titular, arrendador, arrendatario u operador de un lugar de acomodo público. 42 U.S.C. § 12182 (a).

28.    La Parte Demandada discriminó contra el señor Faustino Betancourt al negarle un disfrute y acceso pleno e igual a los bienes, servicios, privilegios y acomodos de la Propiedad durante cada visita y cada ocasión en que la Parte Demandada decidió no visitar el lugar.

29.    La Ley ADA establece diferentes estándares dependiendo de cuándo se construyó la estructura física y si la instalación ha sido alterada desde el 26 de enero de 1992. 28 CFR §§ 36.401, 36.402. Las propiedades "existentes" antes del 26 de

enero de 1992 tienen que eliminar las barreras de acceso de las personas con discapacidades cuando la eliminación sea "fácilmente alcanzable". 42 U.S.C. § 12182 (b) (2) (A) (iv); 28 CFR § 36.304. Estructuras diseñadas y construidas para ser ocupadas por primera vez después del 26 de enero de 1993 deben ser accesibles para personas con discapacidades a menos que la entidad pueda demostrar que es "estructuralmente poco práctico". 42 USC § 12183 (a). Finalmente, las alteraciones posteriores al 26 de enero, 1992 debe hacerse para garantizar que, en la "máxima extensión posible", las porciones alteradas de las instalaciones sean accesibles. 28 CFR § 36.402 (a) (1).

30.     Los estándares de diseño, ADAAG, se publicaron por primera vez en 1991 y están codificados en 28 CFR Parte 36, Apéndice A ("ADAAG de 1991"). Los más recientes estándares de diseño ADA fueron publicados por primera vez en 2010 y se codificaron en 28 CFR Parte 36, Subparte D (La ADAAG de 2010). Ambas normas están disponibles en www.ada.gov. Todas las construcciones nuevas y modificaciones comenzadas el 15 de marzo de 2012 o después deben cumplir con la ADAAG de 2010.

31.     El señor Faustino Betancourt cree que la Propiedad fue diseñada para ser ocupada por primera vez después del 26 de enero de 1993. Ver 28 CFR § 36.401.

32.     El señor Faustino Betancourt cree que la Propiedad está ubicada en un lugar que fue construido después del 26 de enero de 1993. Ver 28 CFR § 36.401.

33.     El señor Faustino Betancourt cree que la Propiedad fue "alterada" luego del 26 de enero de 1993. El término "alterada" o "alteraciones" incluye, pero no se limita a, remodelación, renovación, rehabilitación, restauración histórica, cambios o reordenamiento en partes o elementos estructurales, cambios o reordenamiento en la configuración de paredes y cambios en los mostradores, mesas u objetos dentro de la Propiedad.

34.     En la alternativa, si la Propiedad no fue diseñada y construida para ser ocupada

por primera vez después de 26 de enero de 1993, la Propiedad es una instalación existente en cuyo caso hay una obligación de eliminar barreras arquitectónicas que afectan a las personas con discapacidad en la medida que la eliminación sea "fácilmente alcanzable". 42 USC § 12182 (b) (2). La ley ADA establece que, al evaluar si la eliminación de barreras es "fácilmente alcanzable ", los factores a considerar incluyen los "recursos" de la instalación, 42 USC § 12181 (9) (b), que incluye "los recursos financieros generales de cualquier empresa matriz o entidad", 28 CFR § 36.104. Si la Parte Demandada sostiene que no tiene los recursos financieros a modo de defensa afirmativa para excusar su incumplimiento, la Parte Demandante no acepta dichos pretextos y se propone utilizar los mecanismos de descubrimiento de prueba conforme a 28 C.F.R. § 36.104.

### NO ELIMINAR LAS BARRERAS EN UNA INSTALACIÓN EXISTENTE

35.    La ADA prohíbe específicamente no eliminar las barreras arquitectónicas en instalaciones existentes cuando tal eliminación es fácilmente alcanzable. 42 USC § 12182 (b) (2) (A) (iv); 28 C.F.R. § 36.104.

36.    Cuando una entidad puede demostrar que la eliminación de una barrera no se puede lograr fácilmente, esa entidad tiene que procurar que los bienes, servicios, privilegios y acomodos se hagan disponibles mediante mecanismos alternos, si estos métodos son fácilmente alcanzables.  § 12182 (b) (2) (A) (v).

37.    Aquí, la parte Demandante alega que la Parte Demandada puede eliminar fácilmente las barreras arquitectónicas en la Propiedad sin mucha dificultad o gasto, y que la Parte Demandada viola la ley ADA al no eliminar esas barreras, cuando fácilmente podía y puede hacerlo.

38.    En la alternativa, si no es "fácilmente alcanzable" para la Parte Demandada eliminar las barreras arquitectónicas, la Parte Demandada violó la ADA al no hacer disponibles sus servicios a través de métodos alternativos que fuesen fácilmente alcanzables.

## NO DISEÑAR Y CONSTRUIR
## UNA INSTALACIÓN ACCESIBLE

39.     La Propiedad fue diseñada y construída (o ambos) después del 26 de enero de 1992 - activando los requisitos de acceso bajo el Título III de la ADA y la reglamentación promulgada por el Departamento de Justicia de los Estados Unidos.

40.     La Parte Demandada violó la ley ADA al diseñar y construir (o ambos) la Propiedad en una manera que no era fácilmente accesible para el público con discapacidad física, incluída la Parte Demandada, cuando hacerlo era estructuralmente práctico.

### NO HACER ACCESIBLE UNA INSTALACIÓN ALTERADA

41.     El señor Faustino Betancourt cree, y por tanto alega afirmativamente, que la Propiedad ha sido alterada (según el término "alteración" es definido por §§ 202.1, §202.3, 202.4) después del 26 de enero de 1992.  28 CFR §36.403; 49 CFR §37.43.

42.     La ADA también requiere que las instalaciones se alteren de forma tal que sea fácilmente accesible para las personas con discapacidad en la medida máxima posible. 42 U.S.C. § 12183 (a) (2).

43.     La Parte Demandada alteró la Propiedad de una manera que violó la ADA y que la hizo no fácilmente accesible al público con discapacidad física, incluyendo a la Parte Demandante.

### BARRERAS NO ESTRUCTURALES:
### POLÍTICAS Y PROCEDIMIENTOS

44.     La ley ADA también requiere hacer modificaciones razonables en las políticas, prácticas o procedimientos, cuando es necesario para dar igual acceso a los servicios, bienes, privilegios o acomodos a las personas con discapacidades, a menos que la entidad pueda demostrar que hacer tales modificaciones alterarían fundamentalmente su naturaleza. 42 USC § 12182 (b) (2) (A) (ii).

45.     Aquí, la Parte Demandada violó la ley ADA al no hacer modificaciones razonables en sus políticas, prácticas o procedimientos en la Propiedad, cuando estas

modificaciones son necesarias para permitir (sin alterar fundamentalmente la naturaleza del lugar de acomodo público) el igual acceso a los bienes, servicios, instalaciones, o acomodos.

## DEMANDA BAJO EL TITULO III DE LA ADA

46.    Como resultado de las barreras arquitectónicas descritas anteriormente en esta presente acción la Parte Demandante sufrió y continúa sufriendo humillación, angustia y menoscabo de su dignidad personal y derecho a vivir libre de discriminación o interferencia con sus derechos legales.

47.    La Parte Demandante tiene derecho a un remedio a un interdicto estatutario permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la Parte Demandada a que tome todos los pasos necesarios para eliminar las barreras arquitectónicas descritas anteriormente y para que sus instalaciones cumplan con los requisitos establecidos en la ADA y sus reglamentos de implementación, para que sus instalaciones sean totalmente accesibles y de forma independiente, por personas con movilidad limitada, y que además ordene que el tribunal retendrá jurisdicción por un período para supervisar que la Parte Demandada cumpla con los requisitos relevantes de la ADA y para asegurarse de que la Parte Demandada haya adoptado y siga una política institucional que de hecho haga que la Parte Demandada permanezca totalmente en cumplimiento con la ley.

48.    La Parte Demandante también tiene derecho a que en caso de que la Parte Demandada continúe su condición discriminatoria, pueda solicitar que se ordene el cierre y clausura de la Propiedad como medida para detener la condición discriminatoria hasta tanto la Parte Demandada haya acreditado de manera fehaciente a satisfacción del tribunal que se ha eliminado el discrimen;

49.    Conforme a 42 USC §§ 12205, la Parte Demandante tiene derecho a sus honorarios de abogado, gastos de litigio, costas y gastos de testigos periciales.

## REMEDIOS LEGALES SOLICITADOS

**POR TODO LO CUAL**, la Parte Demandante muy respetuosamente solicita los siguientes remedios legales:

A. Una sentencia declaratoria disponiendo que la parte Demandada ha violado los requisitos del Título III de la ADA y la reglamentación de implementación relevante de la ADA; y que la Propiedad no es completamente accesible y utilizable de manera independiente para personas con movilidad limitada como la Parte Demandante;

B. Un interdicto estatuario permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la Parte Demandada a que tome todos los pasos necesarios para eliminar las barreras arquitectónicas descritas anteriormente y para que sus instalaciones cumplan con los requisitos establecidos en la ADA y sus reglamentos de implementación, para que sus instalaciones sean totalmente accesibles y de forma independiente, por personas con movilidad limitada, y que además ordene que el tribunal retendrá jurisdicción por un período para supervisar que la Parte Demandada cumpla con los requisitos relevantes de la ADA y para asegurarse de que la Parte Demandada haya adoptado y siga una política institucional que de hecho haga que la Parte Demandada permanezca totalmente en cumplimiento con la ley;

C. En caso de que la Parte Demandada continúe su condición discriminatoria, se solicita de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 que se ordene el cierre y clausura de la Propiedad como medida para detener la condición discriminatoria hasta tanto la Parte Demandada haya acreditado de manera fehaciente a satisfacción del tribunal que se ha eliminado el discrimen;

D. Honorarios de abogado, costas, gastos de litigio, conforme a 42 USC § 12205.

E. La provisión de cualquier otro remedio que sea justo, propio, en ley o equidad, que no haya sido expresamente solicitado pero que proceda como cuestión de

derecho.

**SOMETIDO RESPETUOSAMENTE**.

Hoy 4 de mayo de 2022

<div style="margin-left:2em">

**Velez Law Group LLC**
División Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colon
RUA 18913
Condominio Midtown
421 Ave Muñoz Rivera #205
San Juan, PR 00918-3115
VLG@velezlawgroup.com
T.: (787)-254-8267

Abogado de la Parte Demandante

</div>

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: CA2022CV01411** |
| Parte Demandante | |
| **v.** | |
| **TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100** | **SOBRE:** **PETICIÓN DE ORDEN** |
| Parte Demandada | |

## MOCIÓN EN SOLICITUD DE EXPEDICIÓN DE EMPLAZAMIENTO

**AL HONORABLE TRIBUNAL:**

**COMPARECE**, Faustino Xavier Betancourt Colón representado por el abogado que suscribe y muy respetuosamente, solicita la expedición de los proyectos de emplazamiento que se presentan junto con esta moción.

**RESPETUOSAMENTE SOMETIDO.**

**Fechado**: 04 de mayo de 2022.

**Velez Law Group LLC**
División Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colon
RUA 18913
Condominio Midtown
421 Ave Muñoz Rivera #205
San Juan, PR 00918-3115
vlg@velezlawgroup.com
T.: (787)-254-8267

Abogado de la Parte Demandante

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: CA2022CV01411** |
| Parte Demandante | |
| **v.** | |
| **TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100** | **SOBRE: PETICIÓN DE ORDEN** |
| Parte Demandada | |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A:**

**PLAZA LOIZA CORPORATION**
DIRECCIÓN: Loiza 2253 Santurce San Juan, PR 00914

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

_____
Nombre del (de la)
Secretario(a) Regional

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

## PRUEBA DEL DILIGENCIAMIENTO

### NUM.: DE CASO: CA2022CV01411
Faustino Xavier Betancourt Colón V. Plaza Loaiza Corporation y otros

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA (**en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

*****************************************************************************
### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: CA2022CV01411** |
| Parte Demandante | |
| v. | |
| **TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100** | **SOBRE:** **PETICIÓN DE ORDEN** |
| Parte Demandada | |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

# TIDEL REALTY CORP

Dirección física: Cuevillas 558 Nacar Tower Apto 1001, San Juan, PR 00907

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

Nombre del Abogado: JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913)
Dirección: 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015
Tel: (787)-254-8267
Correo Electrónico: VLG@VELEZLAWGROUP.COM

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

Sello del Tribunal

_____
Nombre del (de la)
Secretario(a) Regional

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

## PRUEBA DEL DILIGENCIAMIENTO

### NUM.: DE CASO: CA2022CV01411
<u>Faustino Xavier Betancourt Colón V.  Tidel Realty Corp Y Otros</u>

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO y DEMANDA (**en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

*************************************************************************

### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: CA2022CV01411** |
| Parte Demandante | |
| **v.** | |
| **TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100** | **SOBRE: PETICIÓN DE ORDEN** |
| Parte Demandada | |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

## Encanto Restaurants, Inc.

DIRECCIÓN: Montehiedra Office Centre 9615 Los Romero Ave. Suite 200 San Juan, PR 00926-7037.

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

_____
Nombre del (de la)
Secretaria(o) Regional

Por: _____
Nombre y Firma del (de la)
Secretaria(o) Auxiliar del Tribunal

Sello del Tribunal

**PRUEBA DEL DILIGENCIAMIENTO**

**NUM.: DE CASO: CA2022CV01411**
Faustino Xavier Betancourt Colón V. Plaza Loaiza Corporation y otros.

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA (**en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**DECLARACION DEL DILIGENCIANTE**
**(ANTE LA SECRETARIA DEL TRIBUNAL)**

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE  Carolina**
SALA SUPERIOR DE  Carolina

| | |
|---|---|
| FAUSTINO  XAVIER  BETANCOURT  COLON | CASO NÚM.   CA2022CV01411 (CIVIL 403) |
| VS | |
| TIDEL REALTY CORP.  Y OTROS | SOBRE:   INJUNCTION (ENTREDICHO PROVISIONAL, INJUNCTION PRELIMINAR Y PERMANENTE) Y OTROS |

## NOTIFICACIÓN

A:   JOSÉ CARLOS VÉLEZ COLÓN
     VLG@VELEZLAWGROUP.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relacion al(a la) CASO EPÍGRAFE este Tribunal emitió una ORDEN el 06 de mayo de 2022.

Se transcribe la determinación a continuación:
Se ordena al demandante que en termino de 5 dias, presente Proyecto de emplazamiento. [3]

                                        f/ISMAEL ÁLVAREZ BURGOS

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 06 de mayo de 2022, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  Carolina, Puerto Rico, a 06 de mayo de 2022.

| | |
|---|---|
| MARILYN APONTE RODRÍGUEZ | Por:   f/LILLIAM ORTIZ NIEVES |
| Nombre del (de la) Secretario(a) Regional | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN | |
| **Parte Demandante** | **CASO NUMERO:** CA2022CV01411 |
| v. | |
| TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100 | **SOBRE:  PETICIÓN DE ORDEN** |
| **Parte Demandada** | |

**MOCIÓN EN CUMPLIMIENTO DE ORDEN**

**AL HONORABLE TRIBUNAL**:

Comparece la Parte Demandante, Faustino Xavier Betancourt Colon, a través de la representación legal que suscribe, e informa

1. El 6 de mayo de 2022 (SUMAC Entrada Núm.3), por medio del cual, su Honorable emitió la siguiente Orden: *Se ordena al demandante, que en término de 5 días, presente Proyecto de emplazamiento.*

2. El 4 de mayo de 2022, la Parte demandante presentó Moción intitulada: *Moción en Solicitud de Expedición de emplazamiento,* Véase SUMAC. Entrada Núm. 2. adjuntando como ANEJOS:

   ANEJO 1. Proyecto de Emplazamiento en cuanto a PLAZA LOIZA CORPORATION.

   ANEJO 2. Proyecto de Emplazamiento en cuanto a TIDEL REALTY CORP.

   ANEJO 3. Proyecto de Emplazamiento en cuanto a ENCANTO RESTAURANTS, INC.

**POR TANTO**, la Parte Demandante, solicita la expedición de los proyectos de emplazamientos que se adjuntan como moción en solicitud de expedición de emplazamientos, Véase SUMAC. Entrada Núm. 2 y tener por cumplida la Orden de su Honorable Tribunal del 6 de mayo de 2022.

**SOMETIDO RESPETUOSAMENTE**

Hoy 9 de mayo de 2022

**Velez Law Group LLC**
División Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colon
RUA 18913
Velez Law Group LLC
Condominio Midtown
421 Ave Muñoz Rivera #205
San Juan, PR 00918-3115
vlg@velezlawgroup.com
T.: (787)-254-8267

Abogado de la parte demandante

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE  Carolina**
SALA SUPERIOR DE  Carolina

| | |
|---|---|
| FAUSTINO  XAVIER  BETANCOURT  COLON | CASO NÚM.    CA2022CV01411 (CIVIL 403) |
| VS | |
| TIDEL REALTY CORP.  Y OTROS | SOBRE: INJUNCTION (ENTREDICHO PROVISIONAL, INJUNCTION PRELIMINAR Y PERMANENTE) Y OTROS |

## NOTIFICACIÓN

A:   JOSÉ CARLOS VÉLEZ COLÓN
     VLG@VELEZLAWGROUP.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al(a la) MOCIÓN DE  CUMPLIMIENTO DE ORDEN O RESOLUCIÓN  [4] este Tribunal emitió una ORDEN el 09 de mayo de 2022.

Se transcribe la determinación a continuación:
SECRETARIA EXPIDA LOS PROYECTO DE EMPLAZAMIENTOS QUE SE ANEJARON CON LA MOCION DEL 4 DE AMYO DEL 2022.. [5]

                                             f/ISMAEL ÁLVAREZ BURGOS

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 10 de mayo de 2022, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

Notas de la Secretaría:
EXPEDI EMPLAZAMIENTOS A PLAZA LOIZA CORPORATION, TIDEL REALTY CORP, ENCANTO RESTAURANT, INC.

En  Carolina, Puerto Rico, a 10 de mayo de 2022.

| | |
|---|---|
| MARILYN APONTE RODRÍGUEZ | Por:    f/LILLIAM ORTIZ NIEVES |
| Nombre del (de la) Secretario(a) Regional | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: CA2022CV01411** |
| Parte Demandante | |
| **v.** | |
| **TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100** | **SOBRE:** **PETICIÓN DE ORDEN** |
| Parte Demandada | |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A:**

## Encanto Restaurants, Inc.

DIRECCIÓN: Montehiedra Office Centre 9615 Los Romero Ave. Suite 200 San Juan, PR 00926-7037.

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de MAY 1 0 2022 de _____.

**Lcda. Marilyn Aponte Rodríguez**
Nombre Secretaria Regional
Secretario(a) Regional

Por: _____

Nombre y Firma del (de la)
Secretaria *Lilliam Ortiz Nieves*
*Secretaria Auxiliar*

F034

## PRUEBA DEL DILIGENCIAMIENTO

### NUM.: DE CASO: CA2022CV01411
Faustino Xavier Betancourt Colón V.  Plaza Loaiza Corporation y otros.

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA** (en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1.  **FECHA** y hora del diligenciamiento: _____.

2.  **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3.  **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4.  **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5.  **FIRMA DEL DILIGENCIANTE:** _____

*************************************************************************
### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br><br>Parte Demandante<br><br>**v.**<br><br>**TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100**<br><br>Parte Demandada | **CIVIL NÚM: CA2022CV01411**<br><br><br><br>**SOBRE:**<br>**PETICIÓN DE ORDEN** |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

## TIDEL REALTY CORP

Dirección física: Cuevillas 558 Nacar Tower Apto 1001, San Juan, PR 00907

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de MAY 1 0 2022 de _____ .

Lcda. Marilyn Aponte Rodríguez
Nombre del (de la)
Secretario(a) Regional

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

Lilliam Ortiz Nieves
Secretaria Auxiliar

F034

## PRUEBA DEL DILIGENCIAMIENTO

### NUM.: DE CASO: CA2022CV01411
Faustino Xavier Betancourt Colón V.  Tidel Realty Corp Y Otros

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA** (en adelante, **"DEMANDA"**) en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

*************************************************************************
### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: CA2022CV01411** |
| Parte Demandante | |
| **v.** | |
| **TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100** | **SOBRE: PETICIÓN DE ORDEN** |
| Parte Demandada | |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

**PLAZA LOIZA CORPORATION**
DIRECCIÓN: Loiza 2253 Santurce San Juan, PR 00914

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de   MAY 1 0 2022   de _____

Lcda. Marilyn Aponte Rodriguez
Nombre (de la)
Secretario(a) Regional

Por: _____

Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

Lillian Ortiz Nieves
Secretaria Auxiliar

F03A

## PRUEBA DEL DILIGENCIAMIENTO

### NUM.: DE CASO: CA2022CV01411
<u>Faustino Xavier Betancourt Colón V. Plaza Loaiza Corporation y otros</u>

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA** (en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

*****************************************************************************
### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLON** | **CASO NÚM.:CA2022CV01411** |
| **Parte Demandante** | |
| v. | **SOBRE:** **PETICIÓN DE ORDEN** |
| **TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100** | |
| **Parte Demandada** | |

**MOCIÓN AL EXPEDIENTE JUDICIAL**

**AL HONORABLE TRIBUNAL:**

Comparece la Parte Demandante, Faustino Xavier Betancourt Colon, a través de la representación legal que suscribe, por medio del presente adjunta:

1. Prueba de Diligenciamiento de Emplazamiento en cuanto a **PLAZA LOIZA CORPORATION.** Fecha de diligenciamiento: 23 de mayo de 2022.

   Véase **ANEJO A.**

2. Prueba de Diligenciamiento de Emplazamiento en cuanto a **ENCANTO RESTAURANTS, INC.** Fecha de diligenciamiento: 23 de mayo de 2022.

   Véase **ANEJO B.**

**RESPETUOSAMENTE SOMETIDO.**

Hoy, 31 de mayo de 2022.

**Velez Law Group LLC**
División de Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colon
RUA 18913 Velez Law Group LLC
Condominio Midtown
421 Ave Muñoz Rivera #205
San Juan, PR 00918-3115
VLG@velezlawgroup.com
T.: (787) 254-8267

Abogado de la Parte Demandante

CA2022CV01411 31/05/2022 11:29:29 am Entrada Núm. 8 Página 1 de 2
Case 3:22-cv-01294-SCC Document 1-1 Filed 06/22/22 Page 45 of 50
CA2022CV01411 10/05/2022 04:23:29 p.m. Página 5 de 6

**ANEJO A**

## ESTADO LIBRE ASOCIADO DE PUERTO RICO
### TRIBUNAL DE PRIMERA INSTANCIA
### SALA SUPERIOR DE CAROLINA

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: CA2022CV01411** |
| Parte Demandante | |
| v. | |
| **TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100** | **SOBRE:** **PETICIÓN DE ORDEN** |
| Parte Demandada | |

### EMPLAZAMIENTO

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A:**

## PLAZA LOIZA CORPORATION
DIRECCIÓN: Loiza 2253 Santurce San Juan, PR 00914

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los 30 días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de MAY 1 0 2022 de ____

Lcda. Marilyn Aponte Rodríguez
Nombre del (de la)
Secretario(a) Regional

Por: _____

Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

Esther Ortiz Nieves
Secretaria Auxiliar

F03

**PRUEBA DEL DILIGENCIAMIENTO**

**NUM.: DE CASO: CA2022CV01411**

Faustino Xavier Betancourt Colón V. Plaza Loaiza Corporation y otros

Yo, _Gabriel Santana_ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO y DEMANDA** (en adelante, **"DEMANDA"**) en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _03 - Mayo - 2022_ .

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:
   _Calle Loiza 2053 Santurce, San Juan P.R 00914_

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:** _Raúl Martínez - Asistente a la_
   _*Empleada lo identif. como asistente, Agente, medesó asociada autorizada_ _gerente_ _tienda_

5. **FIRMA DEL DILIGENCIANTE:** _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DECLARACION DEL DILIGENCIANTE**
**(ANTE LA SECRETARIA DEL TRIBUNAL)**

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _Carolina_ , Puerto Rico,

hoy día _25_ de _Mayo_ del año **2022**.

_____
FIRMA DEL EMPLAZADOR

Jurado y suscrito ante mí por _Gabriel Santana_ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_Lic. 6889767_ _____

En _Carolina_ , Puerto Rico hoy _25_ de _mayo_ de 2022.





Lcda. Marilyn Aponte Rodríguez
Secretaria Regional

**FUNCIONARIO AUTORIZADO**

_Myrna Liz Llanos Roldán_
Secretaria del Tribunal Confidencial

F053

CA2022CV01411 31/05/2022 11:29:29 am Entrada Núm. 8 Página 1 de 2
Case 3:22-cv-01294-SCC Document 1-2 Filed 06/21/22 Page 47 of 50
ANEJO B

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: CA2022CV01411** |
| Parte Demandante | |
| v. | |
| **TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100** | **SOBRE: PETICIÓN DE ORDEN** |
| Parte Demandada | |

**EMPLAZAMIENTO**

RECEIVED
MAY 23 2022
REICHARD & CALAF P.S.C.
J.A.J 10:45m

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

**Encanto Restaurants, Inc.**
DIRECCIÓN: Montehiedra Office Centre 9615 Los Romero Ave. Suite 200 San Juan, PR
00926-7037.

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

Nombre del Abogado: JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913)
Dirección: 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN,
PUERTO RICO, 00918-4015
Tel: (787)-254-8267
Correo Electrónico: VLG@VELEZLAWGROUP.COM

Expedido bajo mi firma y sello del Tribunal, el _____ de MAY 1 0 2022 de _____

**Lcda. Marilyn Aponte Rodríguez**
Nombre del (de la)
Secretario(a) Regional

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar
*William Ortiz Nieves*
*Secretario Auxiliar*

F03

**PRUEBA DEL DILIGENCIAMIENTO**

**NUM.: DE CASO: CA2022CV01411**
Faustino Xavier Betancourt Colón V. Plaza Loaiza Corporation y otros.

Yo, _Gabriel Santana_ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO Y DEMANDA (en adelante, "DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _23-mayo-2022_.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:
   _361 San Francisco St. San Juan, P.R 00901_

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**
   _Lic. Federico Calaf p/o CT. Corp. System_

5. **FIRMA DEL DILIGENCIANTE:** _(firma)_

*********************************************************************
**DECLARACION DEL DILIGENCIANTE**
**(ANTE LA SECRETARIA DEL TRIBUNAL)**

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE,** suscribo la presente en _Carolina_, Puerto Rico, hoy día _25_ de _mayo_ del año **2022**.

_(firma)_
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _Gabriel Santana_ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_Lic. 6889367_

En _Carolina_, Puerto Rico hoy _25_ de _mayo_ de 2022.

**Sello**

Lcda. Marilyn Aponte Rodríguez
Secretaria Regional
**FUNCIONARIO AUTORIZADO**
Myrna Liz Llanos Roldán
Secretaria del Tribunal Confidencial I

5120
05/24/2022
$5.00

Sello de Rentas Internas
86915-2022-0524-16962064

4021-06261775

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br><br>**Parte Demandante**<br>**v.**<br><br>**TIDEL REALTY CORP.; PLAZA LOÍZA CORPORATION; ENCANTO RESTAURANTS, INC.; FULANOS DE TAL 1-100**<br><br>**Parte Demandada** | **CIVIL NÚM. CA2022CV01411**<br><br>**SOBRE: PETICIÓN DE ORDEN** |

**MOCIÓN DE PRÓRROGA**

AL HONORABLE TRIBUNAL:

COMPARECE Plaza Loíza Corporation ("Plaza Loíza"), por conducto de su representación legal, y respetuosamente EXPONE, ALEGA Y SOLICITA:

1. El 4 de mayo de 2022 Faustino X. Betancourt Colón ("Demandante") presentó la Demanda. El emplazamiento a Plaza Loíza fue diligenciado el 23 de mayo de 2022, por lo que la contestación a la Demanda vence el día de mañana.

2. La reclamación presentada por el Demandante es extensa y compleja. Ésta consta de cuarenta y nueve (49) alegaciones, la mayoría de las cuales tiene varios sub-incisos; y de veintiséis (26) páginas.

3. Plaza Loíza se encuentra en el proceso de recopilar información para presentar una contestación responsable a la Demanda. No obstante, algunos de los ejecutivos de Plaza Loíza que pueden asistir en la preparación de la contestación a la Demanda se encuentran de vacaciones. Por ello, Plaza Loíza necesita un período adicional para culminar dicho proceso.

4. Se solicita respetuosamente un término de veinte (20) días para contestar la Demanda.

**POR TODO LO CUAL,** se solicita de este Honorable Tribunal que le conceda a Plaza Loíza un término de treinta veinte (20) días para contestar la Demanda.

**CERTIFICAMOS** en esta misma fecha haber presentado este documento electrónicamente a través de SUMAC, el cual generará automáticamente el envío de una copia del mismo al licenciado José Carlos Vélez Colón a su dirección de correo electrónico de récord.

En San Juan, Puerto Rico, a 21 de junio de 2022.

**BOBONIS, BOBONIS & RODRÍGUEZ POVENTUD**
129 Avenida De Diego
San Juan, Puerto Rico 00911-1927
Tel. (787) 725-7941
Fax. (787) 725-4245

f/Carlos Bobonis González
RUA: 5226
cbg@bobonislaw.com

f/Karla M. Rodríguez Morales
RUA: 17358
krodriguez@bobonislaw.com