# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br><br>**Plaintiff,**<br><br>v.<br><br>**TIDEL REALTY CORP.; PLAZA LOIZA CORPORATION; ENCANTO RESTAURANTS, INC.; ET AL**<br><br>**Defendant(s)** | **Civil Action 3:22-cv-01294** |

## MOTION TO REMAND TO STATE COURT

COMES NOW Faustino Xavier Betancourt Colón, through the undersigned attorney, and hereby moves to remand on the following grounds:

### APPLICABLE LAW

1. Under 28 U.S.C. § 1447(c), this Court has authority to examine a notice of removal to determine if removal is proper, Defendant Encanto Restaurants, Inc. d/b/a Pizza Hut ("Pizza Hut")as the party seeking to remove a case to federal court, has the burden of demonstrating the existence of federal jurisdiction. See BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997); In re Whatley, 396 F.Supp.2d 50, 53 (D. Mass. 2005). "[S]tatutory procedures for removal are to be strictly construed." Syngenta Crop. Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); see also Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).

2. In general, courts will only allow removal with the unanimous consent of all defendants. <u>Chicago, Rock Island & Pac. Ry. Co. v. Martin</u>, 178 U.S. 245, 248 (1900); <u>Esposito v. Home Depot U.S.A</u>., Inc., 590 F.3d 72, 75 (1st Cir. 2009). This "rule of unanimity" has been codified in the 2011 amendments to Section 1446. <u>Griffioen v. Cedar Rapids & Iowa City Ry. Co</u>., 785 F.3d 1182, 1186 (8th Cir. 2015) (citing Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. 112-63, § 103, 125 Stat. 758, 760 (codified as amended at 28 U.S.C. § 1446)).

### GROUND FOR REMOVAL NON-REMOVING PARTIES FAILED TO CONSENT

3. Pizza Hut failed to show that the non-removing defendants independently expressly consent to removal. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Pizza Hut should have obtained consent from all non-removing parties, such as a written consent unambiguously agreeing to removal. Accordingly, Pizza Hut failure to provide proof of written consent constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case.

4. Pizza Hut failed to show that the following defendants (1) agree to removal, warranting remand:
   a) TIDEL REALTY CORP
   b) PLAZA LOIZA CORPORATION

### FEES AND COSTS ARE PROPER

5. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because Pizza Hut removed this case without just cause, without the affirmative consent of

2

the defendants, this case should be remanded to the Puerto Rico Court of First Instance and costs and fees must be imposed.

**I HEREBY CERTIFY THAT** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED**,

**DATED:** June 23, 2022.

        **VELEZ LAW GROUP LLC**
        Civil Rights Division

        s/José Carlos Vélez-Colon
        **JOSE CARLOS VÉLEZ COLÓN**
        USDC-PR 231014
        421 Ave. Muñoz Rivera #205
        San Juan, PR 00918
        T.: (787) 254-8267
        vlg@velezlawgroup.com